# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CRIMINAL ACTION NO. 3:21-CR-00054-DJH-1

**UNITED STATES OF AMERICA,**                                              **Plaintiff,**

**v.**

**ANTAVIS FORD,**                                                             **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion for leave to seal filed by Defendant Antavis Ford ("Defendant"). (DN 29.) For the reasons set forth below, the motion will be **GRANTED**.

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown*, 710 F.2d at 1179. The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would, for instance, harm a company's reputation is insufficient. *Id.*; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane*, 825 F.3d at 307.

On November 15, 2021, the undersigned conducted a detention hearing in this matter, after which the undersigned ordered that Defendant be detained and remanded to the custody of the United States Marshals Service pending further order of the Court. (DN 21, at PageID # 36.) The

undersigned provided that he will reopen the detention hearing "[i]f Counsel for the defendant is able to locate additional documentation supporting the argument that the defendant had no violations while on a previous term of home incarceration." (*Id.*) Pursuant to this provision, on February 2, 2022, Defendant filed a motion to reopen the detention hearing, noting that counsel has obtained Defendant's juvenile court records. (DN 28, at PageID # 88.) Defendant filed these records separately under seal. (DN 30.) Defendant concurrently filed a motion for leave to seal the records. (DN 29.) However, Defendant did not provide any authority to support his request. Accordingly, the Court ordered Defendant to offer any supplemental authority in support of his motion. (DN 32, at PageID # 106.) Defendant then filed a supplement to his motion to seal in which he cites Kentucky's Uniform Juvenile Code, which deems juvenile records confidential and limits their disclosure without authorization from the juvenile court on a showing of good cause. (DN 33, at PageID # 107–08) (citing K.R.S. § 610.340(1)(a)). Defendant asserts that "the Kentucky statute that is controlling." (*Id.* at 107.) Defendant also cites an analogous federal statute that limits disclosure of records for juvenile delinquency proceedings. (*Id.* at 107.) Defendant argues that the records at issue should be sealed "[b]ased upon the authority provided by these statutes and to protect the confidentiality of Defendant's juvenile record from the eyes of the public." (*Id.* at 108.) The undersigned held a detention hearing on February 18, 2022, during which he reminded Defendant that a party moving to seal documents filed in the record must set forth with sufficient detail the reasons why the documents should be sealed. The undersigned advised Defendant that the authority offered in his supplement establishes a sufficient privacy interest in the juvenile records that outweighs the public right of access. *See Kentucky Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 864 (E.D. Ky. 2005) (finding that the plaintiff failed to state a claim under the First Amendment for denial of right of access in challenging the confidentiality

provisions of KUJC).  Accordingly, the Court will order that Plaintiff's juvenile court records be permanently sealed.

In its February 16, 2022 order for supplemental authority, the Court noted that "Defendant also filed his motion to seal under seal but has not separately moved to seal the motion nor offered any reasons or authority for sealing the motion." (DN 32, at PageID # 105.)  Likewise, Defendant filed his supplement to his motion to seal under seal without moving to seal the supplement.  (DN 33.)  Defendant has not met his burden of showing a compelling reason to seal the motion and the supplement and the undersigned sees none.  Neither document reveals any information contained in the juvenile records, and in fact, Defendant's motion to reopen the detention hearing, which he publicly filed, provides more details about the existence and character of the juvenile records. Therefore, the Court will order that the motion and supplement be unsealed.

Accordingly,

IT IS HEREBY ORDERED as follows:

1. DN 29 is **GRANTED**.  The documents filed at DN 30 shall be permanently sealed.
2. The Clerk of Court is directed to permanently unseal DN 29 and DN 33.

Colin H Lindsay, Magistrate Judge
United States District Court

February 24, 2022
cc:  Counsel of record